IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. SMITH, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:10-CV-2046 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JEFFREY BEARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

April 15, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Charles E. Smith, Jr., a Pennsylvania inmate presently housed at the Muskegon Correctional Facility in Muskegon, Michigan, initiated the above action *pro se* by filing a Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.)

This action previously was dismissed by Order dated November 19, 2010 as a result of Plaintiff's failure to timely submit a filing fee or the forms required to proceed *in forma pauperis* in a civil rights action in this Court. However, after Smith submitted the proper forms to proceed *in forma pauperis*, by Order dated December 7, 2010, this case was re-opened, and Plaintiff was granted *in forma pauperis* status. (Doc. 11.)

We also conducted a preliminary screening of the Complaint pursuant to 28

U.S.C. § 1915.  In our December 7 Order, we explained that Plaintiff would be required to file an amended complaint, and afforded him an opportunity to do so on or before December 28, 2010.  (*See* Doc. 11.)

On December 30, 2010, Plaintiff filed a Motion requesting a ninety (90) day extension of time to file an amended complaint.  (Doc. 13.)  Plaintiff explained that an extension of time was needed to gather the necessary materials to prepare his amended complaint in light of his recent transfer to Muskegon Correctional Facility, and also to secure legal assistance.  (*Id.*)  We found that, while Plaintiff had shown good cause to warrant an extension of time, a ninety (90) day extension was not warranted.  Therefore, by Order dated January 3, 2011, we granted Plaintiff a forty-five (45) day extension, or until February 17, 2011, to file his amended complaint.  (Doc. 14.)  Our Order also warned Plaintiff that his failure to file an amended complaint as directed within the required time may result in the dismissal of this action.

The deadline for Plaintiff to submit his amended complaint expired, and therefore, by Memorandum and Order dated February 24, 2011, we dismissed this action. (Docs. 15, 16.)

On March 1, 2011, an Amended Complaint was received by the Clerk of Court and entered on the docket.  (Doc. 17.)  Presently before the Court is Smith's Motion to

Reopen this case. (Doc. 20.) In his Motion, Smith states that he provided his Amended Complaint to prison authorities for mailing on February 15, 2011, and therefore, pursuant to the prisoner mailbox rule, we should deem his Amended Complaint to have been timely filed. (*See id.*) Indeed, in the certificate of service attached to Smith's Amended Complaint, Smith certifies that he provided his Amended Complaint to staff at the Muskegon Correctional Facility for mailing to this Court on February 14, 2011. (*See* Doc. 17 at 9.) Accordingly, pursuant to the prisoner mailbox rule, we deem the amended complaint to be timely filed, *see Houston v. Lack*, 487 U.S. 266, 275-76 (1988), and thus we shall grant Smith's Motion to Reopen this case.

However, upon screening the Amended Complaint under the provisions of 28 U.S.C. § 1915, for the reasons set forth below, we find that it fails to state a claim upon which relief may be granted, and therefore, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

    **A.**    **Statute of Limitations**

In his Amended Complaint, Smith names various employees of the State Correctional Institution at Camp Hill ("SCI Camp Hill") in Camp Hill, Pennsylvania.

3

He first makes a series of allegations regarding events that occurred from February 2007 through September 2008 relating to property that he lost upon his transfer to SCI Camp Hill from the State Correctional Institution Greene ("SCI Greene") in Waynesburg, Pennsylvania, grievances he filed, and misconducts he received. (*See* Doc. 17 ¶¶ 12-21.)

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa. Cons. Stat. Ann. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998); *see also Nelson v. County of Allegheny,* 60 F.3d 1010 (3d Cir. 1995). Smith commenced this action on October 4, 2010, and thus any claims stemming from events that occurred prior to October 4, 2008 are barred by the applicable statute of limitations. Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when the defense is apparent from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citations omitted); *Erline Co. S.A. v. Johnson*,

440 F.3d 648, 655-56 (4th Cir. 2006). Therefore, we shall dismiss Smith's claims stemming from events that occurred before October 4, 2008, and because amendment would be futile, dismissal will be with prejudice.

### B.     Failure to State a Claim

In the remainder of his Amended Complaint, Smith provides details of misconducts that he received from October 2008 through December 2008. (Doc. 17 ¶¶ 22, 23, 25.) He indicates that he filed "several appeals" that were denied. (*Id.* ¶ 16.) Smith also alleges that, on December 12, 2008, he filed a grievance concerning his missing property. (*Id.* ¶ 24.)

To state a § 1983 claim upon which relief may be granted, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In setting forth his factual averments regarding misconducts he received and grievances he submitted, Smith fails to allege how a person acting under color of state law deprived him of a constitutional right. As such, he fails to state a claim upon which relief may be granted.

Finally, Smith alleges that, on December 27, 2008 and January 4, 2009,

Defendant Anderson, a correctional officer at SCI Camp Hill, directed a racial slur toward him and another inmate, and that Anderson later threatened Smith "during a racially charged conversation/confrontation." (Doc. 17 ¶ 27.) Smith alleges that he contacted the "Office of Responsibility" about his concerns, but received no response, and that his concerns were dismissed without relief by Defendant Palakovich. (*Id.* ¶¶ 28, 29.)

Verbal harassment, standing alone, does not rise to the level of a constitutional violation. *See Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973). Moreover, it has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. *See Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *See Fisher v. Woodson*, 373 F. Supp. 970, 973 (E.D. Va. 1973). *See also Balliet v. Whitmire*, 626 F. Supp. 219, 228-29 (M.D. Pa. 1996) ("[v]erbal abuse is not a civil rights violation . . ."), *aff'd*, 800 F.2d 1130 (3d Cir. 1986)

(Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, *see Prisoners' Legal Ass'n*, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause, *see Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). As such, Smith fails to state a claim upon which relief may be granted with respect to his allegations that Anderson directed racial slurs and threats toward him.

In dismissing Smith's Amended Complaint, we are mindful of the fact that *pro se* pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint even when they do not seek leave to do so, "unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

Dismissal of Smith's pre-October 4, 2008 claims with prejudice clearly is appropriate where the statute of limitations bars his pursuit of those claims. As to any claims Smith seeks to assert stemming from his allegations concerning misconducts he received and grievances he filed, where we previously gave Smith an opportunity

to amend his Complaint to attempt to state a claim, and he still has failed to do so, any further allowance of amendment would be futile.  Finally, where no amendment to Smith's allegations regarding verbal insults and threats that allegedly were directed at him by Defendant Anderson would enable him to state a claim upon which relief may be granted, dismissal of those claims with prejudice also is appropriate.

**CONCLUSION**

Based on the foregoing, we shall grant Smith's Motion to Reopen his case, but after screening his Amended Complaint (Doc. 17), we shall dismiss it with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)  for failure to state a claim upon which relief may be granted and direct that this case remain closed.  An appropriate Order shall issue on today's date.